■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FLOYD L. COUSE, JR., Appellant.— MEMORANDUM BY THE COURT. Appeal from an order of the County Court of Chenango County which denied an application in the nature of a writ of error *coram nobis,* after the hearing for which the matter was remitted as the result of a prior appeal to this court. (Opinion: 26 A D 2d 708.) The documentary evidence, consisting of the Clerk's minutes, which we held did not "conclusively rebut appellant's allegations" (26 A D 2d 708, 709) so as to sustain the County Court's denial of a hearing, could nevertheless be given evidentiary effect upon the hearing subsequently conducted and, of course, the County Court was entitled to evaluate the defendant's testimony and in this case was warranted in finding it incredible. Order affirmed. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur.

■ In the Matter of the Claim of THERESA SACCO, Respondent, v. MELE MFG. CO., INC., et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeal by employer and its insurance carrier from a decision of the Workmen's Compensation Board which discharged the Special Fund for Reopened Cases under section 25-a of the Workmen's Compensation Law, upon finding that medical reports filed subsequent to the last payment of compensation on January 4, 1962 and to the closing of the case on October 27, 1964, but prior to the expiration of seven years from the date of the accident on March 12, 1958, constituted an application to reopen within the seven-year period. The first two medical reports following the October 27, 1964 closing indicated the same condition of "pain in leg" and the same treatment by "elastic stocking for support" as were set forth in the reports immediately preceding the closing. A report of December 30, 1964, however, disclosed additional treatment, by prescription of preludin endurett, and this was repeated in a report of January 29, 1965; a report of March 3, 1965 indicated a new condition, or so the board found, of "swelling of left leg", and also reported "periodic office calls" and "supportive therapy". The condition continued and culminated in claimant's hospitalization on April 23, 1965 for phlebitis of the left leg. The formal order of restoral was made May 27, 1965. The decision appealed from must be sustained as the board could properly find the reports "sufficient to put the board on notice that there had been a change in claimant's condition and that the carrier's liability had not been concluded. Accordingly, the board was justified in treating such report as an application to reopen the claim and restore it to the Referee's calendar." (*Matter of Norton* v. *New York State Dept. of Public Works,* 1 N Y 2d 844, 845; *Matter of Chase* v. *Buffalo Aeronautical Corp.,* 12 A D 2d 849.) Decision affirmed, with costs to respondent Special Fund. Gibson, P. J., Herlihy, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gibson, P. J.